1  TRITIA M. MURATA (CA SBN 234344)
   TMurata@mofo.com
2  NEIL SCOTT TYLER (CA SBN 301719)
   NTyler@mofo.com
3  MORRISON & FOERSTER LLP
   707 Wilshire Boulevard
4  Los Angeles, California  90017-3543
   Telephone: 213.892.5200
5  Facsimile: 213.892.5454

6  Attorneys for Defendants JBS USA HOLDINGS, INC.;
   JBS USA, LLC; and SWIFT BEEF COMPANY
7
                 UNITED STATES DISTRICT COURT
8
                 CENTRAL DISTRICT OF CALIFORNIA
9

| | |
|---|---|
| 10 JOSE EUSEBIO, an individual, | Case No. |
| 11         Plaintiff, | **NOTICE OF REMOVAL OF STATE COURT CIVIL ACTION UNDER 28 U.S.C. §1441(b) [DIVERSITY JURISDICTION]** |
| 12     vs. | |
| 13 JBS USA HOLDINGS, INC.; JBS USA; SWIFT BEEF COMPANY; and | Removed from the Superior Court of California, County of Riverside |
| 14 DOES 1 through 50, inclusive, | |
| 15       Defendants. | Case No. RIC1810378 |

16
17
18
19
20
21
22
23
24
25
26
27
28

                              1
                DEFENDANTS' NOTICE OF REMOVAL
la-1390775

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF, AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants JBS USA HOLDINGS, INC.; JBS USA, LLC; and SWIFT BEEF COMPANY ("Defendants") hereby remove the above-captioned state court action currently pending in the Superior Court of the State of California for the County of Riverside to the United States District Court for the Central District of California. Removal of the action is proper for the reasons listed below.

1.      On or about June 1, 2018, Plaintiff JOSE EUSEBIO ("Plaintiff") filed this civil action in the Superior Court of the State of California, County of Riverside, captioned *Jose Eusebio v. JBS USA Holdings, Inc., et al.*, Case Number RIC1810378 (the "State Court Action"). On June 6, 2018, Plaintiff added Swift Beef Company as a third named defendant in the State Court Action. On June 19, 2018, Plaintiff served Defendants with the Complaint ("Complaint" or "Cmplt."). True and correct copies of all process, pleadings, and orders that have been served on Defendants, as well as the Answer filed by Defendants in the State Court Action, are attached hereto collectively as ***Exhibit A***.

2.      Plaintiff alleges he was employed by Defendants as "sanitation" from approximately May 2016 to March 2018. (Cmplt. ¶ 11.) Plaintiff asserts twelve causes of action against Defendants: (1) discrimination based on Plaintiff's disability under California law, Government Code § 12940(a); (2) failure to engage in a timely, good faith, interactive process to determine reasonable accommodation for disability under California law, Government Code § 12940(n); (3) failure to reasonably accommodate disabilities under California law, Government Code § 12940(m); (4) retaliation based on the Plaintiff's "attempts to and exercise of Plaintiff's rights to medical leave" under California law, Government Code § 12945.2; (5) medical leave discrimination under California law, Government Code § 12945.2; (6) harassment based on Plaintiff's protected class under California law,

Government Code § 12940; (7) retaliation for opposing violations of FEHA; (8) failure to prevent and stop harassment, discrimination, and retaliation under California law, Government Code § 12940(j), (k); (9) retaliation for reporting and refusing to participate in conduct violating statutes or regulations; (10) wrongful termination in violation of public policies; (11) failure to pay vacation pay upon termination under California Labor Code § 227.3; and (12) failure to pay wages due upon termination under California Labor Code § 202-203. (Cmplt. ¶¶ 40-94.) Plaintiff seeks lost earnings, lost employment benefits, medical expenses, punitive and exemplary damages, statutory damages, and emotional damages on the twelve causes of action. (Cmplt., pp. 16-17.)   Plaintiff alleges special and general compensatory damages together of at least $400,000. *Id.* Plaintiff also seeks attorneys' fees and costs under state law.  (*Id*., p. 8 [¶ 8].)

3.　　Defendants filed their Answer in the State Court Action on July 18, 2018.

4.　　JBS USA HOLDINGS, INC.; JBS USA, LLC; and SWIFT BEEF COMPANY are the only defendants and have been properly joined and served, and therefore, no other defendant must join this removal. *See* 28 U.S.C. § 1446(b)(2)(A).

5.　　This Notice is effected properly and timely pursuant to 28 U.S.C. § 1446(b)(3) because it has been filed within 30 days after Defendants were properly served with a copy of the Summons and Complaint.

6.　　Defendants will promptly serve a copy of this Notice on counsel for Plaintiff and will file a copy of this Notice with the Clerk of the Superior Court of California, County of Riverside, pursuant to 28 U.S.C. § 1446(d).

7.　　This action is properly removable to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1446(a) because the Superior Court of California, County of Riverside, in which this case was brought, lies within this district.

DEFENDANTS' NOTICE OF REMOVAL

la-1390775

8. Pursuant to 28 U.S.C. § 1332(a)(2), this Court has original jurisdiction over this matter because it is a civil action between diverse citizens of different states where the matter in controversy exceeds the sum or value of $75,000.

## CITIZENSHIP

9. Plaintiff alleges he is a resident of Riverside County, California. (Cmplt. ¶ 4.)

10. Defendants are now, and were at the time the action was commenced, citizens of a state other than California within the meaning of 28 U.S.C. § 1332(c)(1). A corporation shall be deemed to be a citizen of every state by which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business "refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).

11. Defendant JBS USA HOLDINGS, INC. is now, and was at the time the action was commenced, incorporated in the State of Delaware. (Declaration of Maxamed Xasan ("Xasan Decl.") ¶ 2.) JBS USA HOLDINGS, INC.'s principal place of business was located in the State of Colorado, but it is no longer an active entity. (*Id.*) Specifically, JBS USA HOLDINGS, INC.'s headquarters were located in Greeley, Colorado. (*Id.*) Accordingly, JBS USA HOLDINGS, INC. is a citizen of the States of Delaware and Colorado.

12. Defendant JBS USA, LLC is now, and was at the time the action was commenced, incorporated in the State of Delaware. (*Id.* ¶ 3.) JBS USA, LLC's principal place of business was located in the State of Colorado, but it is no longer an active entity. (*Id.*) Specifically, JBS USA, LLC's headquarters were located in Greeley, Colorado. (*Id.*) Accordingly, JBS USA, LLC is a citizen of the States of Delaware and Colorado.

13. Defendant SWIFT BEEF COMPANY is now, and was at the time the action was commenced, incorporated in the State of Delaware. (*Id.* ¶ 4.) SWIFT

4

la-1390775

BEEF COMPANY's principal place of business is located now, and was at the time this action was commenced, in the State of Colorado. (*Id.*) Specifically, SWIFT BEEF COMPANY's headquarters are located in Greeley, Colorado. (*Id.*) Accordingly, SWIFT BEEF COMPANY is a citizen of the States of Delaware and Colorado.

14.    Therefore, because Plaintiff is a citizen of California and Defendants are citizens of Delaware and Colorado, complete diversity existed and continues to exist between Plaintiff and Defendants, both at the time the State Court Action was filed and at the time of removal to this Court.

### THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

15.    Without making an admission of liability or damages with respect to any aspect of this case, Defendants represent that they have a good faith belief that the amount placed in controversy by Plaintiff's claims exceeds the jurisdictional minimum.

16.    Defendants can establish the amount in controversy by the allegations in the Complaint, or by setting forth facts in the Notice of Removal that demonstrate that the amount in controversy "more likely than not" exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co*., 102 F.3d 398, 404 (9th Cir. 1996). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Comm., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). In measuring the amount in controversy, a court must assume that the allegations of the Complaint are true and that a jury will return a verdict for Plaintiff on all claims made in the Complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by Plaintiff's complaint, not what Defendant will actually owe. *Rippee v. Boston Market Corp.,* 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).

DEFENDANTS' NOTICE OF REMOVAL

la-1390775

17.    Plaintiff seeks "special compensatory damages" in an amount "to be no less than $200,000." (Cmplt., p. 16 [¶ 1].) Plaintiff also seeks "general compensatory damages" in an amount "to be no less than $200,000." (*Id.*, p. 17 [¶ 2].)   Thus, Plaintiff has put an amount in controversy of at least $400,000, even without taking into account Plaintiff's requests for punitive damages and attorneys' fees.

18.    For the reasons stated above, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, so this action is removable pursuant to 28 U.S.C. § 1441(b).

19.    By filing this Notice of Removal, Defendants do not waive and expressly reserve all rights, objections, and defenses in this case.

Dated:    July 19, 2018            MORRISON & FOERSTER LLP


                                   By:        /s/ Tritia M. Murata
                                          Tritia M. Murata

                                          Attorneys for Defendants JBS USA
                                          HOLDINGS, INC.; JBS USA, LLC; and
                                          SWIFT BEEF COMPANY

6

DEFENDANTS' NOTICE OF REMOVAL

la-1390775